Charles Michael
212 378 7604
cmichael@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

**Steptoe**

April 12, 2021

**APPLICATION GRANTED**

*Hon. Katharine H. Parker, U.S.M.J.*

04/13/2021

<u>Via ECF</u>

Hon. Andrew L. Carter
United States District Court, Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re:   *Michael Block, Attorney at Law, P.C. (d/b/a Law Office of Michael Block) v. Hartford Underwriters Insurance Co.*, 20 Civ. 9302 (S.D.N.Y.) —
Joint Request for Discovery Stay Pending Motion to Dismiss

Dear Judge Carter:

      We represent the defendant Hartford Underwriters Insurance Co. ("HUIC") in the above case, and write on behalf of both parties to jointly request that discovery be stayed pending HUIC's forthcoming motion to dismiss.

      By way of background, this is a COVID-19 insurance coverage case. The plaintiff ("Block") is a law firm that alleges that its insurance contract with HUIC provides coverage for income it lost when its operations were suspended starting in March 2020. On April 7, 2021, the Court authorized HUIC to file a motion to dismiss Block's Amended Complaint. The motion will be fully briefed in approximately one month (by May 18, 2021).

      Both parties would prefer to not incur the substantial expense of discovery before the Court rules on the threshold question of whether Block's Amended Complaint states a claim for relief.

      We have reason to believe the Court's guidance on the motion will be instructive, because so many courts, on similar motions, have reached conclusions about the proper interpretation of similar insurance contract language. Specifically, seven federal courts in New York, and two New York state courts, have issued rulings on the pleadings in cases raising substantially the same question as is raised here—whether insurance coverage for "direct physical loss" or "direct physical damage" to property is triggered by business losses associated with the COVID-19 pandemic. *See Jeffrey M. Dressel, D.D.S., P.C. v. Hartford Ins. Co. of the Midwest, Inc.*, No. 20-cv-2777, 2021 WL 1091711 (E.D.N.Y. Mar. 22, 2021); *Sharde Harvey, DDS, PLLC v. Sentinel Ins. Co., Ltd.*, No. 20-CV-3350, 2021 WL 1034259 (S.D.N.Y. Mar. 18, 2021); *Food for Thought Caterers Corp. v. Sentinel Ins. Co.*, 20 Civ. 3418, 2021 WL 860345

Hon. Andrew L. Carter
April 12, 2021
Page 2

**Steptoe**

(S.D.N.Y. Mar. 6, 2020); *deMoura v. Cont'l Cas. Co.*, 20 Civ. 2912, 2021 WL 848840 (E.D.N.Y. Mar. 5, 2021); *Visconti Bus Serv, LLC v. Utica Natl. Ins. Group*, No. EF005750-2020, 2021 WL 609851 (N.Y. Sup. Ct. Feb. 12, 2021); *Soundview Cinemas Inc. v. Great Am. Ins. Co.*, Index No. 605985-20, 2021 WL 561854 (N.Y. Sup. Ct. Feb. 10, 2021); *Tappo of Buffalo, LLC v. Eerie Ins. Co.*, 20-CV-754, 2020 WL 7867553 (W.D.N.Y. Dec. 29, 2020); *10012 Holdings, Inc. v. Hartford Fire Ins. Co.*, 20 Civ. 4471, 2020 WL 7360252 (S.D.N.Y. Dec. 15, 2020); *Michael Cetta, Inc. v. Admiral Indem. Co.*, 20 Civ. 4612, 2020 WL 7321405 (S.D.N.Y. Dec. 11, 2020). Outside New York, there are hundreds of other rulings, also based on the pleadings alone, in which courts have provided rulings as a matter of law with respect to substantially similar contract language.

While the parties disagree on the merits of the forthcoming motion, we both agree that the Court's early guidance on these issues would materially advance an efficient resolution. If the motion is granted, the parties will be spared the expense of discovery, and if it is denied, the Court's ruling will likely shape the scope of discovery going forward.

\* \* \*

We thank the Court for its consideration of these matters.

Respectfully,

/s/ Charles Michael

Charles Michael

cc: All Counsel of Record (via ECF)